### DOOLEY v. PEASE.

(Circuit Court, N. D. Illinois, N. D.　March 1, 1897.)

CORPORATIONS—AUTHORITY OF PRESIDENT AND GENERAL MANAGER—CREATION OF PREFERENCES.

The president and general manager of a business corporation, which is in a failing condition, has no power, without special authorization, to give preferences to certain creditors.

Duncan & Gilbert, for plaintiff.
Green, Robbins & Honore, for defendant.

GROSSCUP, District Judge (orally). I have prepared a long finding of facts, which I will not attempt to recapitulate. My conclusion in this case is due to my holding a simple proposition of law, and I can probably state it by a very short résumé of the facts. The complainant is the receiver of a national bank that had a large claim of over $200,000 against a silk company in Connecticut. The silk company itself was in financial difficulties, and was about to fail. The president of the company, who was also its acting general manager, having been elected to that place some two or three years before and not having been re-elected, but continuing to act, came to Baltimore, Chicago, and New York, and executed a bill of sale of their stock of goods in these cities, respectively, to the receiver of the bank. He knew at the time that his silk company was on the point of failing, that an application would soon be made for the appointment of a receiver, and that it would go into the hands of a receiver. The circumstances are such that this discloses a clear case of an attempt upon the part of the president and acting general manager of a company that is no longer to be a going concern, but is already an insolvent concern, and is to become a defunct concern, to execute a preference in favor of one of its creditors. I hold that, in the absence of special authority conferred upon the president or general manager for that purpose, by the directors, he has no power to make any such preference. The president and general manager has power to conduct the affairs of the company as a going concern, and do everything consistent with its affairs as a going concern; but, when it comes to preferring creditors of a concern

to be wound up, the owners of the property are the stockholders, through their board of directors; and they have not, by the mere election of a man to the presidency of the company, authorized him to discriminate between their creditors. There will therefore be, in addition to this special finding of facts, a general finding in favor of the defendant, the sheriff who seized the goods under attachment writs.